## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PATRICE NICOLE PITRE** | CIVIL No. 22-01214(RAM) |
| Plaintiff | |
| V. | |
| **DRIFTWOOD HOSPITALITY MANAGEMENT, LLC; DRIFTWOOD HOSPITALITY MANAGEMENT II, LLC; SHERATON PUERTO RICO MANAGEMENT, LLC; TISHMAN HOTEL AND REALTY LP; MUNICIPALITY OF SAN JUAN.** | JURY TRIAL DEMANDED |
| Defendants | |

### AMENDED COMPLAINT

TO THE HONORABLE COURT:

**Comes now** the Plaintiff, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

### I. THE PARTIES

1. Plaintiff, **PATRICE NICOLE PITRE** is of legal age, single and domiciled in the State of Georgia, her current address is 5234 Brentwood Rd, Atlanta, Georgia 30349.

2. By information and/or belief, codefendant, **SHERATON PUERTO RICO MANAGEMENT LLC,** ("SPRM") is a Delaware corporation that manages and operates the Hotel located in at #100 Brumbaugh Street, Old San Juan, P.R., that does business as Sheraton

1

Old San Juan Hotel. SPRM had the control of the hotel area where the accident described in this complaint occurred, the duty to ensure that the premises were safe for the use of hotel patrons and the duty to properly maintain and upkeep the premises free of dangerous conditions. At the same time, it was SPRM the entity in charge that safety precautions and procedures were implemented and enforced in all hotel areas, to include the area where the accident described in this complaint took place.

3.  By information and belief, Codefendant, **DRIFTWOOD HOSPITALITY MANAGEMENT II, LLC (hereinafter "Driftwood")** is a foreign limited liability company, domiciled in the state of Florida, that is the present owner and operator of the SHERATON OLD SAN JUAN HOTEL, a hotel located at #100 Brumbaugh Street, Old San Juan, P.R. 00901.

4.  By information and belief, Codefendant, **DRIFTWOOD HOSPITALITY MANAGEMENT, LLC,** with headquarters in North Palm Beach, State of Florida is the managing arm of Driftwood Capital and it is said corporation the entity that owns, manages and operates Sheraton Old San Juan Hotel, and thus enjoys the economic benefit of the operations of this hotel and is the entity ultimately responsible for the safety of patrons like Ms.

Pitre from suffering accidents as described in this complaint due to negligence.

5. By information and belief, Codefendant, **TISHMAN HOTEL & REALTY CORPORATION, LLC, (hereinafter "Tishman")** is a limited liability corporation with headquarters in the state of New York, who was the owner of the Sheraton Old San Juan Hotel, until September 2021, when it was sold to Driftwood.

6. All the abovenamed were/are either the owners, administrators, manager(s), landowner(s), tenants, designers, contractors, operators and/or responsible parties for the SHERATON OLD SAN JUAN HOTEL premises and are thus jointly responsible for the accident suffered by the plaintiff as further described in the present complaint.

7. Codefendant, **THE MUNICIPALITY OF SAN JUAN ("MSJ")** is an autonomous municipality of the Commonwealth of Puerto Rico that administers public services and governs within the geographical boundaries of the capital city of Puerto Rico, San Juan, and as such, is also responsible for the upkeep and proper maintenance of all sidewalks adjacent to public streets within the municipality of San Juan in a safe and hazard free condition.

8. Upon information and belief, **A and B Corporation** (unknown defendants at present) ("A Corp, B Corp") is the name utilized

to denominate other companies organized and existing under the Laws of Puerto Rico or another jurisdiction that is not Georgia, having their principal place of business in Puerto Rico, that at the time of the accident mentioned in this complaint, were the owners and/or operators and/or administrators of the Old San Juan Sheraton Hotel. At all relevant times herein, A and B Corp were either the owners of the premises or were responsible for maintaining the area where the accident occurred described in this complaint, in a safe and hazard free condition, whose correct name shall be substituted as soon as identified.

9.  Upon information and belief **X, Y Insurance Companies** (X, Y) are insurance companies, that at all relevant times herein, had in full force and effect one or more insurance policies covering the legal liability of one or more of the defendants mentioned in this complaint for accidents as described in this complaint, whose correct name shall be substituted as soon as identified.

## II.  JURISDICTION

7.  This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332 (a) (1) be*cause this is a case or controversy between citizens of different states and the amount in controversy

is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8.    Pursuant to 28 U.S.C. Section 1392 (a) (2), venue if this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

### III. TOLLING OF THE STATUTE OF LIMITATIONS

9.    The accident that gives origin to the present case occurred on June 22, 2021, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling the present complaint the statute of limitations of one (1) year has not elapsed.

### IV. THE FACTS AND THE DAMAGES

10.    Plaintiff checked-in June 21, 2021 to the Sheraton Old San Juan Hotel as a guest.

11.    The next day, the morning of June 22, 2021, Plaintiff, while walking back from Starbucks towards the hotel, via the sidewalk on Brumbaugh Street, in front of the designated entrance to the hotel, she stepped on an extremely sloped area of the sidewalk and abruptly fell, seriously injuring herself as a direct result the fall.

12. After the fall, Ms. Pitre noticed that the floor area of the sidewalk and the ramp entrance to the hotel where she fell was uneven, sidewalk was slightly cracked, the area had an unmarked inclination, and yet no signs were posted indicating this dangerous condition of an uneven or cracked sidewalk right before the entrance to the hotel.

13. As a direct result of the abrupt fall, Ms. Pitre was injured and felt intense pain, particularly to his right hand, fingers, ankle and right leg.

14. She filed an incident report with the hotel, was provided some assistance by hotel personnel, went to rest in her room and the next day decided to leave Puerto Rico to Atlanta, Georgia, to be medically treated, as she felt uncomfortable in Puerto Rico with the Covid pandemic and the language barrier.

15. Upon her return to Atlanta, Georgia, Plaintiff immediately sought medical help and received emergency medical treatment for her injuries.

16. After X Rays Ms. Pitre was put on a sling and crutches as well as prescribed anti-inflammatory medication and rest.

17. Plaintiff was referred to an orthopedic doctor who diagnosed she had two split fractures to her right ankle, was placed on a protective boot on her right ankle and wrist and ordered

her not to go to work for a month to see if the ankle could heal by itself.

18. Plaintiff rested in bed and was able to have limited mobility in her home via a knee scooter.  She is in pain and needs to use a plastic boot at all times.

19. Because of his accident and the damages suffered, Plaintiff still suffers from pain and has numbness and tingling in her right hand and cannot go to work.  She needs to use a walking frame and has extreme difficulty in performing rutinary movement.

20. Plaintiff is a hair stylist and worked part time at Costco where she was due for a promotion, but due to the injuries suffered she cannot stand on her feel and is off for a year. She has now lost her work medical insurance.

21. The seriousness of the injuries affects Plaintiff's ability to work to the same extent as she was able to work prior to the accident both as a stylist and at Costco, and to conduct various life activities.

22. Plaintiff still experiences pain in her right ankle and hand and intermittent swelling.

23. As a direct result of the injuries sustained, Ms. Pitre has difficulty getting a goodnight sleep, performing household

chores, and conducting various other daily activities due to the pain and discomfort in her right ankle and hand.

24. The severe injuries suffered by Plaintiff, which are permanent in nature, have caused severe pain and suffering, distress, despair, embarrassment, discomfort, and mental and moral anguish, all of which are continuing now, and will continue permanently in the future.

25. The value of all Plaintiff's damages for his physical injuries, past, present and future pain, suffering and mental anguish and his permanent impairment is estimated in a sum in excess of **TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00)**

26. As a direct result of the accident and the negligence of Defendants, Plaintiff has lost income and will continue to loose income in a sum estimated in excess of **FIFTY THOUSAND DOLLARS ($50,000)**, and has had to incur and will have to incur in unwanted personal and medical expenses, in a sum estimated in excess of **TWENTY THOUSAND DOLLARS ($20,000)**, a sum that is also owed to the plaintiff by the defendants.

## V. LIABILITY

25. The accident resulting in the serious and severe damages to the Plaintiff was caused by the exclusive fault and negligence of the Defendants and their employees.

26. Defendants failed to properly maintain its premises in a safe condition, keeping the same in a safe and hazardous free condition.

27. At all material times, all the defendants, and their employees, had a duty to monitor and maintain the sidewalk and the hotel entrance even and free of cracks on the floor surface where patrons were expected to walk through, particularly in route to the hotel entrance, in a reasonable safe and secure condition, to avoid accidents like the one described in the complaint. This is particular so due to the fact that the entrance has an uneven surface, inclination and no handrails or signage to alert pedestrians of any dangerous condition.

28. Due to the constant guest and patron traffic, all the defendants and their employees knew or should have known that allowing an uneven surface and a crack on the sidewalk right next to the entrance of the Hotel are hazardous conditions for their hotel guests, visitors and patrons.

29. The defendants, as owners, managers, administrators, or operators of the Sheraton Old San Juan Hotel and as responsible for maintaining the sidewalks in optimal shape, in particular, the area were the accident happened, were negligent in that they failed to either foresee the hazardous

condition and/or to adequately provide for alert signage or safety handrails, among other remedial measures. All defendants failed to act.

30. Because the sidewalk and the entrance to the hotel was cracked and the surface uneven, defendants and their employees failed to exercise due diligence to avoid foreseeable risk. Defendants knowing that the sidewalk was cracked and entrance to the hotel was uneven, failed to correct the dangerous condition and failed to place warning signs or handrails prior to the occurrence of the accident.

31. All the defendants, their employees and their insurance companies are therefore jointly liable to the Plaintiff for all the damages suffered.

32. The accident would not have happened if not for the joint fault and negligence of the defendants and their employees. As either owners, managers, operators and/or administrators, the defendants had exclusive control of the area where the accident occurred and are the only parties responsible for the monitoring, maintenance, and upkeep of the same.

## JOINT AND SEVERAL LIABILITIES

33. Pursuant to Puerto Rico law, all defendants, to include A, B Corporations, X, Y, Insurance Companies are jointly and

severally liable for the damages claimed herein as a result of the accident described in this complaint.

**PREJUDMENT INTEREST, ATTORNEY FEES AND COST**

34.  In the event that the Defendants deny their negligence or liability in the occurrence of the events or damages caused to Plaintiff, by assuming such reckless conduct, Plaintiff is entitled to prejudgment interest to be computed over the amount recovered through this Complaint, as well as a reasonable amount of attorney fees, as permitted by law.

35.  Plaintiff demands trial by jury.

**WHEREFORE,** it is respectfully requested that this Honorable Court enter judgment for plaintiff, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 11th day of MAY, 2022.


JENKS CARBALLEIRA LAW OFFICE
Garden Hills Plaza, PMB 565
1353 Luis Vigoreaux Avenue
Guaynabo, Puerto Rico 00966
Tel.(787) 439-3980
Email: edjenks@yahoo.com
ATTORNEYS FOR PLAINTIFF

s/ Eduardo R. Jenks
Eduardo R. Jenks
USDC-PR # 300110


*S/José Sarró Pérez-Moris*

José Sarró Pérez-Moris
USDC-PR 225503
sarrolaw@aol.com