IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PATRICE NICOLE PITRE,

Plaintiff,

v.

SHERATON PUERTO RICO MANAGEMENT,
LLC., et al.,

Defendants.

CIVIL NO. 22-1214 (CVR)

## OPINION AND ORDER

## INTRODUCTION

Plaintiff Patrice Nicole Pitre ("Plaintiff") brings the present claim as a result of an accident she suffered on the sidewalk of Brumbaugh Street in front of the Sheraton Old San Juan Hotel to recover damages she suffered as a result of a fall.  Plaintiff alleges she stepped on an extremely sloped area of the sidewalk, which was cracked and fell abruptly, injuring herself as a result thereof.  The Municipality of San Juan ("the Municipality") was included as one of the Defendants in the case.  Plaintiff avers that the Municipality is responsible for the upkeep and proper maintenance of all sidewalks adjacent to public streets.  (Docket No. 1).

The Municipality filed a "Motion to Dismiss" alleging Plaintiff failed to notify the Municipality of the present claim within ninety (90) days of its occurrence, as required under Puerto Rico law, P.R. Laws Ann. tit. 21, §7082.  The Municipality contends that the Court must dismiss all claims filed against it because this requirement is of strict compliance and Plaintiff failed to properly notify the Municipality. (Docket No. 45).

Plaintiff's opposition is limited to arguing that dismissing the Municipality from the case will be "ineffective" as the Municipality's insurance company will defend and respond on its behalf.  (Docket No. 49).

The Municipality's reply reiterates that Plaintiff's opposition admits that the ninety (90) day notice requirement was not met and insists on the dismissal of the case against it.  (Docket No. 53).

For the reasons explained below, the Motion to Dismiss is GRANTED and the causes of action brought against the Municipality are DISMISSED.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary.").  In order to "show" an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his

entitlement [with] more than labels and conclusions." <u>See</u> <u>also</u> <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).   A plaintiff is now required to present allegations that move his claims across the line from conceivable to plausible in order to comply with the requirements of Rule 8(a).  <u>See</u>, *e.g.* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Centro Médico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 6 (1st Cir. 2005).

## LEGAL ANALYSIS

For purposes of the pending motion, the only relevant issue at this juncture is whether Plaintiff notified the Municipality of her claim within the ninety (90) day statutory period as required under Puerto Rico law.  Plaintiff readily admits she failed to do so but posits in her opposition that the 90-day notice requirement "is a condition of strict observance or compliance, but it is not *sine qua non* to this Court's acquiring jurisdiction over the case of Codefendant MSJ."  (Docket No. 49, p. 3).  Plaintiff argues that "Optima will be served and brought under this court's jurisdiction to respond for their [sic] client's Municipality of San Juan share of liability and damages caused to Plaintiff" and dismissing the Municipality will therefore serve no purpose.  <u>Id</u>.

The statute in question specifically indicates that written notification must be presented to a municipality within ninety (90) days of date on which the claimant learned of the damages. P.R. Laws Ann. tit. 21,  §7082(a).  It also states that "[n]o legal action of any kind shall be initiated against a municipality for damages due to negligence unless

written notification is made in the form, manner and terms provided in this subtitle." P.R. Laws Ann. tit. 21, §7082(b).

This Court has previously held that notification pursuant to this section is a necessary condition for the Court to acquire jurisdiction over a defendant, and that failure to comply with this requirement warrants dismissal against a defendant municipality. See Lawes v. Municipality of San Juan, Civil No. 12-1473 (DRD), 2016 WL 297431 at *6 (D.P.R. Jan. 22, 2016); Turner v. Municipality of San Juan, Civil No. 14-1917 (CCC), 2016 WL 4146100 at *3 (D.P.R. Aug. 1, 2016); Mangual v. Tribunal Superior, 88 D.P.R. 491, 498 (1963); García v. Northern Assurance Co., 92 D.P.R. 245, 256 (1965); López v. Autoridad de Carreteras, 133 D.P.R. 243 (1993). Therefore, the Court is bound by this precedent, regardless of how ineffective the outcome might seem to Plaintiff.

On a final note, Plaintiff is correct in arguing that notification is not required as a pre-condition to initiate a direct action against the Municipality's insurance company because only the Municipality may raise the issue of lack of notification as a defense. González-García v. Municipality of Juncos, Civil No. 96-2619 (PG), 1998 WL 759097 at *3 (D.P.R. Oct. 22, 1998); Lawes, 2016 WL 297431 at *6.

In view of the foregoing, the Municipality's Motion to Dismiss is GRANTED and all claims against it are DISMISSED WITH PREJUDICE. (Docket No. 45).

## CONCLUSION

For the above-mentioned reasons, the Municipality of San Juan's Motion to Dismiss is GRANTED. All claims against the Municipality of San Juan are DISMISSED WITH PREJUDICE. (Docket No. 45).

Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 10th day of March 2023.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE